IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARREN MICHAELS, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil Action No. 13-191E<br>) |
| MICAMP MERCHANT<br>SERVICES a/k/a MICAMP SOLUTION,<br>LLC and ERIN ALEJANDRINO | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

## OPINION

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction, Improper Venue, and Alternatively, Failure to State a Claim Upon Which Relief Can be Granted [ECF#15]. Plaintiff's claims against Defendants Micamp Merchant Services ("MMS") and Erin Alejandrino ("Alejandrino") are for their alleged violation of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., and various Florida laws: "[t]he Plaintiff contends the Defendants violated both, federal and state laws by harassing the Plaintiff repeatedly, in receiving two (2) unsolicited telephone calls to his cellular telephone which bears a (941) Florida area code, within a twenty-four (24) hour time-period in an attempt to solicit a business relationship and offer to contract, when no such previous relationship or contract had ever existed thus violating his right to privacy by intrusion." Complaint, ¶ 92.

Plaintiff Darren Michaels, *pro se,* alleges the following in his Complaint against Defendants MMS and Alejandrino. Plaintiff is temporarily visiting Pennsylvania but resides/is domiciled in Florida. Complaint, ¶¶ 2, 5. Defendant MMS is a Limited Liability Corporation located in Arizona and Defendant Alejandrino is an account manager with MMS and a resident of Arizona. Id., ¶¶ 6-8. Defendant MMS offered small business loans services through a product called "Cash Advance." Id. at ¶65.

On May 23, 2013, at approximately 2:38 P.M., Plaintiff received from Defendants an unsolicited telephone call on his cellular phone; the call came from 678-820-9968, as identified by the caller ID on Plaintiff's cell phone. Id. at ¶66. The first three (3) digits of Plaintiff's cellular phone number are 941; 941 is an area code assigned to Florida. Id. at ¶ 2. Plaintiff's cell number was originally placed on the "National Do Not Call Registry" on September 6, 2009. Id. at ¶83.

The automated, pre-recorded female voice message or artificial message, without human intervention, identified itself as a company called "Cash Advance." Id. at ¶67. The automated, pre-recorded female voice message or artificial message, without human intervention, was attempting to solicit with the Plaintiff a business relationship and offer to contract, when no previous relationship or contract had ever existed. Id. at ¶68. The automated, pre-recorded female voice message or artificial message, without human intervention, possessed message receipt capacities, so Plaintiff left a message asking "who is Cash Advance?", "Cash Advance called my phone of (941) xxx-xxxx....." and questioned "who are they?," their physical location, website address, etc. Id. at ¶69. Plaintiff did not consider these questions to be a voluntary expressed consent or offer to contract by implementing a business relationship. Id. at ¶69. Plaintiff did not make a consenting statement for "Cash Advance" to call again or to solicit him again, but it did so within a 24-hour period. Id. at ¶70. Prior to May 23, 2013, Plaintiff had never had any prior business dealings or contractual arrangement with MMA, Alejandrino, or a product inquiry of Cash Advance. Id. at ¶71. Plaintiff never provided "express consent" allowing Defendants to leave prerecorded messages on Plaintiff's cellular phone. Id. at ¶72. Defendants did not make telephone calls to Plaintiff's cellular phone "for emergency purposes" utilizing an "automatic telephone dialing system" ("ATDS"); Defendants' telephone calls to Plaintiff's

cellular phone utilizing an ATDS were for nonemergency purposes and in the absence of any expressed consent. Id. at ¶¶ 73-74.

On May 23, 2013, at approximately 5:29 P.M., Plaintiff received a second phone call on his cellular phone from (480) 719-4429 (as identified on his phone's Caller ID); the caller, with human intervention, identified himself as Erin Alejandrino, account manager for MMS, located in Scottsdale, Arizona; stated to be a wholesaler for First Data. Id. at ¶¶76-77. Plaintiff had not expressed a request for solicitation, was not in connection with an existing contract, and did not have a prior or existing business relationship with Defendants. Id. at ¶78.

Thereafter, Defendants sent Plaintiff an email with three attachments: (1) Micamp Cash Advance Brochure Retail.pdf; (2) Micamp Cash Advance Pre-Qualification App.pdf; and (3) MiCamp Executive Letter II CEO.pdf. Id. at ¶86; Exhibit 1 to Complaint. At no time, either verbally or contractually, did Plaintiff grant Defendants permission to be contacted or make a business inquiry for any type of loan or financial services. Complaint, ¶87. Plaintiff found all the Defendants' responses in the parties' email conversations to be evasive, eluding, ambiguous and vague. Id. at ¶88.

On May 23, 2013, Plaintiff conducted a preliminary, due diligence search of MMS on the State of Florida website, www.sunbiz.org, for public inquiries of a business, corporation, or fictitious name; no records were found for MMS. Id. at ¶89. Plaintiff also conducted a preliminary, due diligence search of Defendant Alejandrino on the Florida Department of Financial Services' website for any licensed agent under that name; no records were found. Id. at ¶90. Plaintiff interpreted this lack of information to mean that Defendants are not lawfully registered to legally transact business in the State of Florida and were attempting to conduct business unlawfully. Id. at ¶91.

3

In support of their Motion to Dismiss, Defendants provided two (2) declarations. In the Declaration of Stephen Campbell, Campbell explained that he is a Member of MMS, MMS is an LLC organized under the laws of the State of Arizona with its principal place of business in Phoenix, Arizona and is a provider of services that allow businesses to accept non-cash forms of payment. Motion to Dismiss, ¶¶ 1, 5-6. He also explained that MMS's business operations are directed from its Phoenix, Arizona headquarters, it has approximately 25 employees, all of whom work out of MSS's Phoenix office. Id. at ¶¶ 6-7. Campbell also declared that MMS does not have any offices or physical presence in Pennsylvania, does not employ any individuals who are residents of Pennsylvania, and does not own, use, possess, or have any interest in real property located in Pennsylvania. Id. at ¶¶ 7-8.

In the Declaration of Defendant Erin Alejandrino, Alejandrino stated that he is a permanent resident of Arizona, presently lives in Scottsdale, Arizona, and has resided in Arizona since. 1990. Id. at ¶¶ 8-9. He has never been employed in Pennsylvania nor does he have any interest in real or personal property located in Pennsylvania. Id. at ¶ 10. At the time of the actions alleged in Plaintiff's Complaint, Alejandrino was employed by MMS as an Account Manager and worked out of MMS's Phoenix, Arizona office. Id. at ¶ 11. In the course of performing his job duties for MMS, he frequently contacted third-party businesses and individuals. Id. at ¶ 11. Defendant Alejandrino stated that he never had contact with, or supplied good or services to, any individual that is a resident of the Commonwealth of Pennsylvania or to any business that is organized under Pennsylvania law. Id. at ¶ 12. Finally, Alejandrino stated that at all times relevant to the allegations contained in Plaintiff's Complaint, he was not physically present in Pennsylvania. Id. at ¶ 11.

In support of their Motion to Dismiss, Defendants first argue that this matter should be dismissed pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction over the Defendants "because Plaintiff's claims do not arise out of activities by Defendants that were directed toward Pennsylvania and because Defendants do not have systematic and continuous contact with Pennsylvania. Id. at ¶ 13. Defendants further argue that the Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(3) for improper venue "because Defendants do not reside in the Western District of Pennsylvania, a substantial part of the events giving rise to Plaintiff's claim occurred in Arizona, not Pennsylvania, and there is another district in which Plaintiff's action may otherwise be brought." Id. at ¶ 14. Alternatively, Defendants moved to dismiss Plaintiff's claim under the TCPA pursuant to Fed.R.Civ.P. 12(b)(6) on the basis that it fails to state a claim upon which relief can be granted: "[t]he Complaint does not set forth sufficient facts to indicate that Defendants' conduct constitutes impermissible advertising or solicitation under Section 227(b)(1)(A) of the TCPA." Id. at ¶ 15. Finally, Defendants contend that once the federal claim is dismissed, "[i]n the absence of any remaining claims arising under federal law, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims." Id. at ¶ 16.

We begin with an analysis of whether this Court has general or specific personal jurisdiction over the Defendants. For purposes of Rule 12(b)(2), a court must accept Plaintiff's allegations as true and draw in the plaintiff's favor all reasonable inferences supported by the well-pleaded factual allegations. Carteret Sav. Bank, FA, v. Shushan, 954 F.2d 141, 151 n. 1 (3d Cir.1992). However, "once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir.1996); see also Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir.2009) (unless court holds an evidentiary hearing,

plaintiff need only make prima facie showing of personal jurisdiction under Rule 12(b)(2)). In reviewing a Rule 12(b)(2) motion, a Court may consider the well-pleaded factual allegations in the complaint in addition to the parties' jurisdictional evidence. Metcalfe, 566 F.3d at 330–31.

A federal district court may assert personal jurisdiction over a nonresident, such as Defendants in this case, to the extent authorized by the state's long-arm statute. Fed.R.Civ.P. 4(k); Marten v. Godwin, 499 F.3d 290, 296 (3d Cir.2007). Pennsylvania's long-arm statute provides for jurisdiction "to the fullest extent" permitted under the Due Process Clause of the Fourteenth Amendment. 42 Pa. Cons.Stat. §§ 5322(a)-(b). In order to satisfy due process, the defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154 (1945). The focus of the minimum contacts analysis is "the relationship among the defendant, the forum, and the litigation," specifically the extent to which the defendant has, through its contacts, "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefit and protection of its laws." Shaffer v. Heitner, 433 U.S. 186, 204, 97 S.Ct. 2569 (1977); Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228 (1958). Jurisdiction "over an employee does not automatically follow from jurisdiction over the corporation which employees him." Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 n. 13, 104 S.Ct. 1473 (1984). Instead, each defendant's contacts "must be assessed individually." Id.

In order for a court to exercise general personal jurisdiction, the defendant must have "maintained systemic and continuous contacts" with the forum state. Marten, 499 F.3d at 296 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–15 & n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). This Court clearly does not have general personal

jurisdiction over either of the Defendants given that other than the two phone calls allegedly made to Plaintiff's cellular telephone number, which Plaintiff answered while residing temporarily in Pennsylvania, the Defendants have no other contacts with Pennsylvania so as to establish the requisite "systemic and continuous" contacts with Pennsylvania to subject them to general jurisdiction in this forum.

Lacking general personal jurisdiction over the Defendants, we turn to whether we have specific personal jurisdiction with respect to Plaintiff's federal TCPA claim. Specific personal jurisdiction exists "when the claim arises from or relates to conduct purposely directed at the forum state." Id. To establish specific jurisdiction, the plaintiff must prove: (1) the defendant has purposefully directed his activities at the forum; (2) the plaintiff's claim arises out of or relates to at least one of those specific activities, and (3) that the court's exercise of jurisdiction over the defendant comports with traditional notions of fair play and substantial justice. Marten, 499 F.3d at 296 (discussing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S.Ct. 2174 (1985); Helicopteros, 466 U.S. at 414; Int'l Shoe, 326 U.S. at 320)).

We find that even assuming that the Defendants violated the TCPA when they twice called Plaintiff's cellular telephone number, and that the injury to Plaintiff occurred in Pennsylvania when he answered his cellular phone, these actions by Defendants are not enough to enable this Court to conclude that it has specific personal jurisdiction over these Defendants. Simply stated, there is no evidence, let alone a preponderance of the evidence, from which this Court can conclude that either of the Defendants "expressly aimed their conduct at Pennsylvania," as is required to establish specific personal jurisdiction. Id. (emphasis added) Defendants utilized an "automatic telephone dialing system" ("ATDS") to call Plaintiff, Plaintiff's cellular telephone number bears a Florida area code, not one registered to

Pennsylvania, and at no time did Plaintiff inform Defendants that he was located in Pennsylvania. Accordingly, we lack specific personal jurisdiction to adjudicate Plaintiff's federal law claim and Defendant's Fed.R.Civ.P. 12(b)(2) motion to dismiss the TCPA claim must be granted.

Having so held, we decline to exercise supplemental jurisdiction over the remaining state law claims as permitted pursuant to 28 U.S.C. § 1367(c)(3) since in this case, we do not find that considerations of judicial economy, convenience, comity and fairness provide an affirmative justification for doing so. See Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) (*quoting* United Mine Workers of America v. Gibbs, 383 U.S. 715, 726-27, 86 S.Ct. 1130, 1139 (1966)) ("'It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of juridical economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law'.")

This Court having granted Defendants' Rule 12(b)(2) Motion to Dismiss Plaintiff's Complaint as to Plaintiff's federal claim against them and declined to exercise supplemental jurisdiction over the remaining state law claims as permitted pursuant to 28 U.S.C. § 1367(c)(3), it is not necessary to address Defendants' alternative bases for dismissal (improper venue and failure to state a claim upon which relief can be granted) and we elect not to do so.

An appropriate Order follows:

# **ORDER**

AND NOW, this 8th day of November, 2013, having determined that this Court lacks personal jurisdiction over Defendants Micamp Merchant Services and Erin Alejandrino to adjudicate Plaintiff's federal TCPA claim and having declined to exercise supplemental jurisdiction over Plaintiff's state law claims against the Defendants, it is hereby ORDERED, ADJUDGED, AND DECREED that Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction, Improper Venue, and Alternatively, Failure to State a Claim Upon Which Relief Can be Granted [ECF#15] is GRANTED WITH PREJUDICE.

The Clerk of Court shall mark this case CLOSED.

*[signature]*
Maurice B. Cohill, Jr.
Senior District Court Judge

cc: Darren Michaels, *pro se*